IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY T. STRINGHAM,

       Plaintiff,                      No. CIV S-04-1530 DFL GGH P

   vs.

R. LEE, et al.,

       Defendants.           ORDER

_____/

Introduction

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending[1] before the court is plaintiff's February 9, 2006, motion to compel discovery to which defendants have filed an opposition.

Complaint

      The court has previously set forth plaintiff's allegations in Findings and Recommendations, filed on January 5, 2006, recommending denial of plaintiff's motion for a preliminary injunction, adopted by Order filed on March 29, 2006:

\\\\\

---

[1] Defendants' motion for summary judgment, which has been recently submitted, will be adjudicated in Findings and Recommendations to be issued separately at a later date.

1

Plaintiff names as defendants in this action, pursuant to 42 U.S.C. § 1983, R. Lee, J. Herrera, K. Providence, W. Fisher, G. Thumser, W. Bradanick, K. Allen, N. Grannis, S. O'Ran, and T. Schwartz. He also names as defendants, pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq., the California Department of Corrections (CDC) and the California Medical Facility - Vacaville (CMF-Vacaville).

Plaintiff, a Type I insulin dependent diabetic, alleges that defendant CMF Correctional Officer (C/O) Lee, on August 16, 2003, twice refused him medical care while he was experiencing a serious insulin reaction and even after plaintiff had called "Man Down," used only during medical emergencies. Defendant Lee violated a state regulation prohibiting non-medical personnel from diagnosing or prescribing health care treatment for prisoners, CAL. CODE REGS. tit.xv, § 3354,[2] as well as plaintiff's constitutional rights under the Eighth and Fourteenth Amendments and his rights under the ADA. Complaint, pp. 2-4.

In addition to ignoring plaintiff's urgent requests for help, defendant Lee maliciously issued a CDC-115 Rules Violation Report (RVR) for "manipulation of staff" of which plaintiff was eventually found not guilty. Medical Technical Assistant (MTA) St. John (not a defendant) tested plaintiff when he finally got to the clinic at 1735 hours on 8/16/03, finding that plaintiff's blood sugar level was 52 and therefore, low, as normal blood sugar level range is 70 to 120. Upon retesting plaintiff at 1755 hours, after the MTA had sent him to eat, he found that plaintiff still tested low at 71, and found that plaintiff was having a "reaction." Complaint, p, 3, Exhibit 1-A. Once plaintiff began experiencing the insulin reaction, he required immediate caloric intake, and defendant Lee provided plaintiff no assistance. Complaint, pp, 3-4.

Defendants J. Herrera, S. O'Ran, G. Thumser, T. Schwartz, K. Allen, and N. Grannis all denied plaintiff's appeals, relating to defendant Lee's conduct and the resulting RVR, through the Director's Level. Complaint, p. 4. Lee's acts were apparently justified because he was following orders of defendant K. Providence, CMF Correctional Lieutenant, who was in turn acting on orders of defendant W. Fisher, another Corr. Lt. assigned as third watch commander on 8/16/03. These orders were based on an institutional memorandum authored by defendant W. Bradanick on March 16, 2000, which had not been applied to plaintiff previously due to his individually medically necessary treatments.

---

[2] "Authorized staff. Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmates may do so." CAL. CODE REGS. tit.xv, § 3354(a).

2

Complaint, p. 5; Exhs. 4-6, 8. Plaintiff had been granted "preferential movement," i.e., his treatment was contrary to, or an exception to, the Bradanick memo, which exception had been renewed repeatedly through August 19, 2003, and, thus, was still in effect at the time of plaintiff's 8/16/03 insulin reaction and defendant Lee's misconduct. Id., pp. 5-6, Exhs. 4-6, 9. The Bradanick memo, dated 3/16/2000, restricts inmate movement, including those inmates going to the B-1 Clinic for finger sticks, by having them released "**only** when their respective wing is released for the morning or evening meals,"[3] apparently for the purpose of ameliorating "mass movement and security problems with inmates inside of and outside of the B-1 Clinic area." Exh. 8 to complaint. Notwithstanding the memo, on September 1, 2000, plaintiff was found by the Chief Medical Officer Andreasen (not a defendant) to meet the requirements to be released as a brittle diabetic for fasting blood sugar tests. Complaint, p. 14, Exh. 5. Plaintiff's medical chrono, CDC 128-C, signed by non-defendants, Dr. Mark Altcher and Dr. Joseph Bick, Chief Medical Officer (CMO), was dated August 20, 2002 and was to remain in effect for one year, until August 19, 2003, stated in relevant part: "Due to diabetes, he [plaintiff], needs to get to B-1 Clinic at 0630 and 1715 hours for fingersticks and insulin treatments, and should go the dining hall immediately thereafter." Exh. 4 to complaint.

Plaintiff is a Type I brittle diabetic, a condition recognized as a disability under the ADA. Compl., pp. 11-13. Defendant Fisher stopped the brittle diabetic release program in early 2003, focusing in a discriminatory manner only on diabetics. Id., p. 15. Evidence that defendant Fisher prevailed upon CMO Bick to exclude the release times is apparent in plaintiff's CDC-128 chrono, dated August 3, 2003, to remain in effect until August 4, 2004, wherein plaintiff's Type 1 brittle diabetic condition and requirements are set forth but no release times for fasting blood sugar tests are identified, although such times had been specified in the four preceding years. Id. Plaintiff asks that the CMF reinstate the brittle diabetic release program, seeking only prospective injunctive relief from the entity defendants, CDC and CMF-Vacaville, including renewal of his CDC-128-C medical chronos on a yearly basis, to be released for timely medical testing and treatment and assurances that staff will respond appropriately to plaintiff's emergency medical calls. He seeks money damages, including punitive damages, from the individual defendants.

\\\\\

\\\\\

---

[3] Emphasis in original.

<u>Motion to Compel</u>

Plaintiff, by his motion, asks the court to compel defendants to respond to discovery requests he propounded upon Medical Technical Assistant (MTA) V. St. John, an individual as noted above within the recitation of plaintiff's allegations, who is not named as a defendant in this action. Motion, p. 1. Plaintiff avers that St. John is a witness to the events of August 16, 2003, and seeks her responses with respect to interrogatories concerning plaintiff's blood sugar levels; whether plaintiff walked or used a wheelchair; whether plaintiff showed symptoms of hypoglycemia (or insulin reaction); and whether defendant Lee called St. John to verify whether or not plaintiff had been in distress. <u>Id.</u>, p. 2. Plaintiff attaches the four interrogatories at issue which ask MTA St. John: 1) whether on August 16, 2003, at around 5:30 p.m., plaintiff arrived at the B-1 clinic experiencing insulin reaction symptoms; 2) whether at that date and time, plaintiff used a wheelchair; 3) whether on that date, after plaintiff's arrival at the clinic, defendant Lee called to ascertain whether plaintiff had been having an insulin reaction around 5:30 p.m.; 4) whether on August 16, 2003, at 5:30 p.m., upon of his arrival at the clinic it was apparent to her that plaintiff demonstrated symptoms of an insulin reaction. <u>See</u> Attachment to Motion. While plaintiff concedes that St. John is not a defendant, he contends that he has no access to this employee but that her responses are necessary in the interest of truth. Motion, p. 2, & attached letter to defendants' counsel, dated April 11, 2005.

<u>Opposition</u>

Defendants contend that plaintiff is not permitted under Fed. R. Civ. P. 33(a) to compel answers to interrogatories propounded on a non-party witness. Opposition, p. 1.

<u>Discussion</u>

If there is no applicable claim of privilege, "a non-party can be compelled to produce evidence regarding any matter 'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.' <u>See</u> Fed. R. Civ. P. 26(b)(1)." <u>Shoen v. Shoen</u>, 5 F.3d 1289, 1292 (9th Cir. 1993).

However, in this context as to a non-party, where plaintiff seeks to have the court compel defendants to provide interrogatory responses from a non-party, defendants are correct. Fed. R. Civ. P. 33(a) states, in relevant part, "[A]ny party may serve upon any other party written interrogatories...to be answered by the party served...." The court cannot compel defendants to provide answers to interrogatories directed at a non-party. Plaintiff may seek to obtain a sworn declaration from MTA St. John. Plaintiff may also attempt to use the rather cumbersome procedures of Fed. R. Civ. P. 31 which permit depositions upon written questions on non-parties. However, plaintiff must follow the procedures set forth therein. Finally, plaintiff may send interrogatories to CDCR itself which has a duty to ascertain from its employees full and complete answers to appropriate questions. Should the matter proceed to trial, he may seek to obtain her testimony at trial, either as a voluntary witness or by way of subpoena; however, defendants cannot be required to supply the responses of a non-party witness to interrogatories or testimony for plaintiff.

The court notes that in the Order portion of the Order and Findings and Recommendations, filed on January 5, 2006, the undersigned directed the Civil Rights Clinic to review the case file and determine whether this case has exceptional circumstances warranting their appointment as volunteer counsel. It appears that that order was never served upon the clinic. Therefore, the court will again request review of this case by the Clinic. Plaintiff is again cautioned that ultimately no volunteer counsel may be procurable and no scheduled date in this litigation has been vacated. At this point, the matter will simply proceed upon the submitted motion for summary judgment brought by defendants, if there is either a negative response or no response at all from the Clinic within thirty days.

Accordingly, IT IS ORDERED that:

1. Plaintiff's February 9, 2006, motion to compel discovery from defendants as to a non-party is denied;

\\\\\

1      2. The King Hall Civil Rights Clinic is directed to contact the Clerk's Office to
2  make arrangements for copies of the file;
3      3. The Clinic shall inform the court of their decision within thirty days; and
4      4. The Clerk of the Court is directed to serve a copy of this order upon the King
5  Hall Civil Rights Clinic by mail and to make note of having done so in the court's electronic
6  docket of this case.
7  DATED: 9/19/06            /s/ Gregory G. Hollows

                                               GREGORY G. HOLLOWS
                                               UNITED STATES MAGISTRATE JUDGE

GGH:009
stri1530.mtc