IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY T. STRINGHAM,

       Plaintiff,                        No. CIV S- 04-1530 DFL GGH P

    vs.

R. LEE, et al.,

       Defendants.            ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Defendants filed a March 20, 2007, request for the court to modify the scheduling order and for leave to file a motion for summary judgment on behalf of defendants California Department of Corrections and Rehabilitation (CDCR) and California Medical Facility - Vacaville (CMF), involving plaintiff's claims for prospective injunctive relief only, to which plaintiff filed his opposition. By Order, filed on March 30, 2007, this court's February 20, 2007, Findings and Recommendations were adopted. The individual defendants in this matter were granted summary judgment and this case now proceeds only as to the injunctive relief claims against CDCR and CMF under Title II of the Americans with Disabilities Act (ADA). Plaintiff contends that the remaining defendants, CDCR and CMF, have never even answered the complaint, and now only belatedly seek to address and dispose of the injunctive

relief claims sought from the CDCR and CMF under the ADA.

This court's review of the court record in this case indicates that defendant CMF has filed an answer to the complaint (see docket entry # 26). While the record does not demonstrate that any answer was filed on behalf of CDCR, defendants may believe that answering on behalf of CMF is adequate to answer on behalf of the state such that an answer by CDCR would be superfluous. In any event as to any entity defendant, it would unfairly prejudice plaintiff to allow a further dispositive pretrial motion simply on the basis of a miscalculation or erroneous assessment by defendants' counsel as to whether or not this matter proceeded on injunctive relief claims. The request to modify the schedule to allow a further or supplemental summary judgment motion will be denied.

Plaintiff filed a motion for leave to amend, on April 12, 2006. The motion was not accompanied by a proposed amended complaint and is defective on that basis alone. Further, at this point in the litigation, under Fed. R. Civ. P. 15(a), plaintiff may amend "only by leave of court or by written consent of the adverse party...." Although leave to amend "shall be freely given when justice so requires," this action was filed in, and has been proceeding since 2004, and comes at a most untimely point. Without adequate explanation, plaintiff avers in an amended complaint he could name two defendants, in lieu of two he named inaccurately, based on new, previously unavailable (and undescribed evidence). In his motion, plaintiff neither names the defendants who he now claims were not involved in conduct that resulted in a deprivation of his constitutional rights, nor names the two additional defendants he now seeks leave to proceed against

While plaintiff does not explain why or how he has only now come into the newly gleaned information, following his motion for leave to amend, plaintiff, more than a week later, filed a proposed amended complaint, on April 20, 2007. The proposed amended complaint consists of more than 200 pages, including exhibits. The court has recently ruled on a motion for summary judgment, as noted above, and the matter now proceeds only as two entity

defendants at this point under the ADA.  Plaintiff attempts to re-name in his proposed amended complaint all but one of the individual defendants previously named in this action in whose favor judgment has now been entered following adjudication of the motion for summary judgment. Only one individual defendant, Providence, appears to have been dropped, while two additional defendants, McDonald and Bick, appear to have been added.  Plaintiff does not explain how it is that he believes himself entitled to re-name and re-allege his claims against all of the individual defendants for whom summary judgment has been granted.  In any event, plaintiff will not be permitted to re-start the litigation at this late date.

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  The court finds that plaintiff has filed an incomplete motion, that his grounds for seeking leave to amend are inadequately set forth, that his defective motion comes at a stage when defendants would be unduly prejudiced by granting plaintiff leave to amend, and that, by his even later and separately submitted proposed amended complaint, plaintiff seeks, without any basis to do so whatsoever, primarily to re-litigate previously adjudicated claims.

Accordingly, IT IS ORDERED that:

1. Defendants' March 20, 2007, request to modify the scheduling order and grant leave to file a motion for summary judgment by the remaining defendants is denied; and

2. Plaintiff's defective request for leave to file an amended complaint, filed April 12, 2007, is denied, and his proposed amended complaint, filed on April 20, 2007, is stricken;

DATED:  4/30/07

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
stri1530.dny