IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY T. STRINGHAM,

      Plaintiff,                              No. CIV S-04-1530 RRB GGH P

      vs.

R. LEE, et al.,

      Defendants.                  ORDER

_____/

Introduction

      Pursuant to court order the parties have submitted pretrial statements. This matter now proceeds only as to plaintiff's injunctive relief claims pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq, against defendants California Department of Corrections and Rehabilitation (CDCR) and California Medical Facility (CMF)- Vacaville, summary judgment having been granted as to the individual defendants. See Order, filed on 3/30/07. In the Findings and Recommendations, filed on 2/20/07, adopted by the 3/30/07, Order, the court noted that defendants had not brought their summary judgment motion on behalf of the entity defendants, thus the matter would proceed on the prospective injunctive relief claims against CDCR and CMF-Vacaville. In light of the equitable relief sought, the court subsequently found that this matter would proceed to a bench

1

trial, which was set for November 19, 2007.[1] See Order, filed on 4/30/07. On 4/12/07, defendants sought leave to file a motion for summary judgment as to plaintiff's ADA claims for injunctive relief on the ground that counsel for defendants had mistakenly thought that denial of plaintiff's motion for preliminary injunctive relief disposed of all injunctive relief claims. Defendants provided no substantive basis for such a motion and plaintiff opposed it. In an Order, filed on 4/30/07, the court, inter alia, denied defendants' request on the ground that plaintiff would be unfairly prejudiced if a further dispositive pretrial motion were permitted simply based on a miscalculation or erroneous assessment by counsel for defendants as to whether the matter proceeded on plaintiff's claims for injunctive relief.

However, upon this court's review of the pretrial statements, defendants for the first time, albeit belatedly, provide a substantive legal basis for being permitted to proceed on a dispositive motion with regard to plaintiff's claims for equitable relief under the ADA. Defendants aver that plaintiff, a state prisoner, is barred from seeking injunctive relief under the ADA by the Armstrong consent decree, citing Crayton v. Terhune, No. 98-4386 2002 WL 310093590, at *4 (N.D. Cal. Sept. 17, 2002)(in turn, citing Armstrong v. Davis, et al., No. CV 94-2307 CW (N.D. Cal.)). Defendants' pretrial statement (DPT), p. 2. Defendants state further that "[t]o the extent that plaintiff must assert that he is an inmate with a disability, plaintiff is a member of the class under Armstrong v. Davis, et al., No. CV 94-2307 CW (N.D. Cal.), and cannot request prospective injunctive relief under the ADA because these issues are already subject to court enforcement through a class action." DPT, p. 9.

Discussion

A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief within the same subject matter of the class action. Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988)(en

---

[1] The case was set before Judge David F. Levi, but, in light of his departure, has subsequently been reassigned to the Honorable Ralph R. Beistline. See Order, filed on 6/14/07.

banc)(adopting a rule "similar to that of the Sixth and Eighth Circuits," precluding individual lawsuits for equitable relief by class action members, averring that such actions "would interfere with the orderly administration of the class action and risk inconsistent adjudications")[2]; see also, McNeil v. Guthrie, 945 F.2d 1163, 1165-1166 (10th Cir. 1991)(precluding individual lawsuits for injunctive relief alleging unconstitutional prison conditions when there is an existing class action)[3]; Rouser v. White, No. CIV S-93-0767 LKK GGH P, 2006 WL 1897125, at *2 (E.D. Cal. 2006).

Crayton v. Terhune, supra, at *4, is instructive as to what must be demonstrated in a dispositive motion. In Crayton, the court preliminarily determined, upon defendant's motion to dismiss plaintiff's ADA/RA[4] claims as barred by Armstrong, that defendant had not sufficiently shown that plaintiff Crayton's claims were encompassed within Armstrong. Id. However, on defendant's motion for summary judgment, defendant provided specific supporting documentation, i.e., a copy of the consent decree and forms which documented Crayton's disabled status. Id. Plaintiff therein failed to provide contrary evidence, thus failing to raise a genuine issue of material fact as to Armstrong's application to him. Id. Finding plaintiff Crayton to be a member of the class to which Armstrong was applicable and that his injunctive relief request under the ADA/RA fell "squarely under Armstrong," the Crayton Court stated that plaintiff therein "must pursue his request via the consent decree or through class counsel," and denied the injunctive relief sought. Id.

\\\\\

---

[2] The Gillespie Court found that individual class members could pursue equitable relief claims "by urging further action through the class representative and attorney, including contempt proceedings, or by intervention in the class action." Id.

[3] The Tenth Circuit notes two exceptions to the prohibition of individual lawsuits by class members where there is a class action: 1) where the individual seeks equitable relief for claims not litigated withing the class action's boundaries; and 2) where money damages are sought. Id., at 1166 n. 4.

[4] Rehabilitation Act, 29 U.S.C. § 794(a).

Conclusion

Although reluctantly, in light of defendants' inexplicable dilatoriness, the court finds that before proceeding to trial, defendants must be permitted to bring a supplemental motion for summary judgment, on the ground that the equitable relief claims may be barred by Armstrong. Therefore, the court will vacate the pending pretrial conference and trial dates and permit the filing of a dispositive motion on behalf of the entity defendants and will set forth the briefing schedule below.

Accordingly, IT IS ORDERED that:

1. Defendants' supplemental motion for summary judgment, as set forth above, must be filed within thirty days of the filed date of this order; defendants will not be permitted any extension of time;

2. Plaintiff's opposition is to be filed within thirty days of service of the supplemental summary judgment motion;

3. Any reply by defendants will be due within seven days of the filing of the opposition;

4. The August 24, 2007, pretrial conference, and November 19, 2007, bench trial are hereby vacated from the Further Scheduling Order, filed on 4/30/07, and the court's calendar, to be re-set, as appropriate, following adjudication of defendants' supplemental motion for summary judgment.

DATED: 9/4/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
stri1530.sup